MASEMANN v ATLANTIC COAST LINE RD CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9143.   Decided Mar 11, 1929

Payer, Minshall, Karch & Kerr, Cleveland, and Johnson, Johnson and Farber, Toledo, for Masemann.

Frank J Gentsch, Cleveland, for Rd Co.

Judges RICHARDS and WILLIAMS of the Sixth Dist sitting.

**RICHARDS, J.**

The Atlantic Coast Line Railroad Company is a foreign corporation, organized under the laws of Virginia and operating a railroad in Virginia, Florida and other states, but not in the state of Ohio. It had a representative in the State of Ohio located in the city of Cleveland named John J. Crescio, and the question involved in the motion to quash service of summons is whether he was a managing agent within the meaning of the Ohio statute on whom service could be made. The determination of that question depends upon the duties which he was to perform and the power which was vested in him as a representative of the company, and these were questions of fact to be determined by evidence. The motion to quash indicates that the facts will appear in certain affidavits, and the transcript of the docket entries shows that affidavits were filed by both parties. The Atlantic Coast Line Railroad Company filed the affidavits of its vice-president in charge of freight and passenger traffic, the affidavit of its general passenger agent and the affidavit of John J. Crescio. The plaintiff filed an affidavit and took a deposition. The only journal entry disposing of the motion to quash service of summons is the following:

"The motion by defendant to quash service of summons is granted, to which plaintiff excepts."

No motion for new trial was filed and no bill of exceptions taken. It is manifest from the record that the trial court heard and disposed of the motion to quash the service of summons on the evidence, and indeed it could only appear by evidence whether the person upon whom service was attempted to be made was or was not a managing agent within the meaning of the statute. This court is without power to review the decision of the court of common pleas in the absence of a bill of exceptions. The court, in the absence of a bill of exceptions, will presume that evidence was submitted to the trial court justifying the decision which it rendered granting the motion to quash the service of summons.

The fact that some or all of the affidavits are attached to the transcript of the journal entries is immaterial. None of the errors which are assigned or relied on could appear except by bill of exceptions.

For the reasons given the judgment will be affirmed.

Williams, J, concurs. Lloyd, J, not participating.